## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

GREGORIO and LUCY ARAGON, Individually,
and on behalf of their minor children, JAYLENE
ARAGON and ADRIAN ARAGON; and SUSAN
DOMINGUEZ

       Plaintiffs,

     v.                                     Civ. No. 2:20-cv-413-KWR-KRS

UNLIMITED CONSTRUCTION, LLC d/b/a
UNLIMITED CONSTRUCTION OF UTAH, LLC
and RICARDO LOPEZ GUERECA

       Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION TO REMAND

      **THIS MATTER** comes before the Court upon Plaintiffs' Motion to Remand to the First

Judicial District Court of New Mexico, filed May 15, 2020 (**Doc. 9**).  Having reviewed the parties'

pleadings and the applicable law, the Court finds that Plaintiffs' motion is not well-taken and,

therefore, is **DENIED**.

## BACKGROUND

      This is a Complaint for, *inter alia*, negligence, negligence *per se*, and *respondeat superior*

in connection with a motor vehicle collision, initially filed in the First Judicial District, County of

Santa Fe on March 19, 2020, and removed to federal court on April 29, 2020 on the basis of

diversity jurisdiction.  The Notice of Removal states that Defendant Unlimited Construction, LLC

d/b/a/ Unlimited Construction of Utah, LLC (Unlimited) is a foreign limited liability company,

and that the sole member of Unlimited is Ronald Day, a resident of  Utah.  At the time of filing of

the Complaint, the other Defendant, Ricardo Lopez Guereca (Guereca), was a resident of El Paso, Texas.  The Notice also states that Plaintiffs are all residents of New Mexico.

Plaintiffs appear to contend that this Court lacks subject matter jurisdiction over the case because there is no diversity of citizenship due to Unlimited having obtained a registered agent for receipt of service of process in New Mexico. Plaintiffs also claim that judicial economy necessitates the Court remand this case as there is a second suit against Unlimited in state court, brought by different plaintiffs, arising from the same incident.

## DISCUSSION

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome.  *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982).  Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. Removal is proper where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional amount of $75,000.  28 U.S.C. §1332. In seeking removal the removing party has the burden of proving both of these elements. *Huffman v. Saul Holdings, Ltd. P'ship,* 194 F.3d 1072 (10th Cir. 1999).  Under 28 U.S.C. § 1332(a), the citizenship of all defendants must be different from the citizenship of all plaintiffs. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).  A motion for remand based on the lack of subject matter jurisdiction arguing lack of diversity jurisdiction is timely made at any time prior to judgment. 28 U.S.C. § 1447(c).

Plaintiffs contend that this action should be remanded because Unlimited has a registered agent authorized to accept service of process in New Mexico and that judicial economy necessitates the Court remand this case because there is a second suit against Unlimited in state court, brought by different plaintiffs, arising from the same incident.

Generally, for the purposes of § 1332, a corporation is deemed to be a citizen of every State by which it has been incorporated and the State where it has its principal place of business. See 28 U.S.C. § 1332(c)(1); *Tinner v. Farmers Ins. Co. Inc*., 504 Fed. App'x. 710, 713 (10th Cir. 2012). Here, however, Unlimited is a limited liability company ("LLC"), which requires a different analysis.

Determining the citizenship of a limited liability company is different than determining the citizenship of a corporation under § 1332, based on a clear distinction between corporations and other artificial entities that are not corporations. A limited partnership is not in its own right a "citizen" of the State that created it within the meaning of the federal diversity statute. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 185 (1990) (noting that the Supreme Court has "firmly resisted extending the well-established rule treating corporations as 'citizens' to other artificial entities"); *Mgmt. Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1324 (10th Cir. 2016) (only those entities that are corporations, in the traditional understanding of that word, will be treated as a person for purposes of diversity jurisdiction); *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1179 (10th Cir. 2015), *as amended* (Jan. 27, 2015), *aff'd sub nom. Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185).

In accordance with Tenth Circuit precedent, the citizenship of limited liability companies is determined by the citizenship of their members and not their principal place of business. *Siloam Springs Hotel, LLC v. Century Sur. Co*., 781 F.3d 1233, 1237-38 (10th Cir. 2015) (rejecting defendant's request to determine citizenship of Oklahoma limited liability company "by reference to its state of organization and the state of its primary business operations" and "join[ing] all other circuits that have considered the matter in concluding Siloam Springs takes the citizenship of all

3

its members"). Limited liability companies are treated as partnerships for citizenship purposes and are therefore citizens of every state in which any of its members are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. at 195–96 (the citizenship of business entities is determined by the citizenship of its members). Further, in determining the citizenship of a limited liability company, any and all of its members must be considered. *See Mgmt. Nominees, Inc.,* 813 F.3d at 1237-38 (for purposes of diversity, federal courts must include all the entities' members) (citing *Carden v. Arkoma Assocs.,* 494 U.S. at 195–96 (holding that the citizenship of a limited partnership is determined by the citizenship of each of its partners, both general and limited); *Siloam Springs Hotel*, 781 F.3d at 1238 ("in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members") (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96) (holding that the citizenship of a limited partnership is determined by the citizenship of each of its partners, both general and limited).

Plaintiffs do not contest the law on this issue but instead apparently argue that it does not apply here because Unlimited's compliance with New Mexico statutory regulations in "obtaining a registered agent to received service of process in New Mexico [] provides actual consent to be sued in New Mexico State Courts." Doc. 13 at 1. The Court disagrees with Plaintiffs' analysis.

In this case, it is undisputed that Ronald Day is the sole member of Unlimited and a permanent resident of Utah. *See* Doc. 12 Ex. B, Declaration of Ronald Day ("My permanent residence is 200 Beaver Dam Village, Panguitch, Utah, 84759."). Plaintiffs cite *Neirbo Co. v. Bethlehem Shipbuilding Corp.* (308 U.S. 165, 170 (1939)), purporting to support that having a registered agent to accept service of process in New Mexico somehow destroys diversity. This is inaccurate. In *Neirbo*, the United States Supreme Court confirmed the validity of state legislation requiring designation by a foreign corporation of a registered, in-state agent to accept service of

4

process on behalf of a corporation conducting business within the forum state. The Supreme Court held that this "voluntary act" demonstrated consent to suit within the state in either state or federal court. *Id*. at 175. The case clarified the constitutionality of such a state's statutory requirement upon a foreign corporation, but it does not support Plaintiffs' contention that compliance in any way divests the federal courts of jurisdiction or that diversity jurisdiction is thereby destroyed. Plaintiffs' ensuing analysis of New Mexico state court's jurisdiction over Defendants is therefore irrelevant to the Court's determination, as Defendants' removal was proper.[1]

Plaintiffs' secondary argument that judicial economy necessitates remand to the state court to allow adjudication of this action in concert with a separate suit brought by other plaintiffs, arising from the same facts, is equally unpersuasive and unsupported by any caselaw.

Accordingly, the Court finds that the Defendant Unlimited is diverse.  The sole partner or member of Unlimited is a resident of Utah.  Plaintiffs do not dispute the Texas citizenship of the other Defendant in this case, Guereca.  Neither Defendant is a citizen of New Mexico, and therefore diversity jurisdiction exists.

**THEREFORE, IT IS ORDERED** that Plaintiffs' Motion to Remand to the First Judicial District Court of New Mexico (**Doc. 9**) is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.



KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs have not contested Defendants' assertion that, based on the allegations within the Complaint, Plaintiffs seek relief in excess of $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553 (2014) ("Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").